Hearing Date and Time: June 19, 2018, 10 am
Reply Deadline: June 12, 2018

Kornfeld & Associates, P.C.
240 Madison Avenue, 8th Flr.
New York, New York 10016
Telephone: 212-759-6767
Facsimile: 212-759-6767

*Attorneys for the Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In Re:

    DANIEL and LUCY BENYAMIN

    Debtors and Debtors in Possession.

-----------------------------------------------------------X

Case No.: 17-12677 (MG)

In proceedings for
Reorganization Under
Chapter 11

## OBJECTION OF DEBTORS TO CERTAIN PROOFS OF CLAIM
## (NO LIABILITY AND REDUCED AMOUNT CLAIMS)

> **THIS OBJECTION SEEKS TO EXPUNGE, DISALLOWED, REDUCE, AND/OR RECLASSIFY CERTAIN PROOFS OF CLAIM, CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE SCHEDULE ATTACHED TO THIS OBJECTION**

Daniel and Lucy Benyamin ("Debtors") filed this objection ("Objection") and seek entry of an order (the "Order"), substantially in the form attached hereto as Exhibit "A" (a) disallowing and expunging or reducing the proofs of claim identified on Schedule 1 to Exhibit A attached hereto pursuant to Section 502(b) of title 11 of the United States Code, 11 U.S.S. Section 101-1532 (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules):

1

### Jurisdiction and Venue

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

2. Venue is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007.

### Relief Requested

4. By this Objection, the Debtor seeks entry of an order pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 disallowing and expunging the proofs of claim identified in Schedule 1 attached to this Objection.

### Background

5. On September 25, 2017, the Debtors filed with this Court its Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code and are managing their property as a debtors in possession, pursuant to Sections §1107(a) and 1108 of the Bankruptcy Code.

6. No trustee or examiner has been appointed in this case and no official committee was appointed pursuant to §1102 of the Bankruptcy Code.

7. The Debtors are husband and wife. Mr. Benyamin is a licensed real estate broker and building contractor. Lucy Benyamin is retired.

8. No previous application for the relief sought herein has been made to the Court or any other court.

2

## The Claims Reconciliation Process

9. On or about November 10, 2017, the Debtors filed its statements of financial affairs and schedules of assets and liabilities, current income and expenditures, and executory contracts and unexpired leases as required by section 521 of the Bankruptcy Code (collectively, as amended, the "Schedules").

10. On December 29, 2017, the Court entered an order [Docket No. 15] establishing certain dates and deadlines for filing proofs of claim in this chapter 11 case (the "Bar Date Order"). Specifically, among other things, the Court established March 15, 2018 as the deadline for all persons and entities holding or wishing to assert a "claim" (as defined in section 101(5) of the Bankruptcy Code) against any of the Debtor that arose before the Petition date (each, a "Claim").

## Objection

11. Section 502 of the Bankruptcy Code provides, in pertinent part, as follows: "A claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest...objects." 11 U.S.C. §502. Moreover, Bankruptcy Rule 3007 provides certain grounds upon which "objections to more than one claim may be joined in an omnibus objection." Bankruptcy Rule 3007(d). The Objection Procedures expanded on Bankruptcy Rule 3007(d) and permit the Debtor to file an omnibus objection on additional grounds, including if the Claims "are inconsistent with the Debtor's books and records," "fail to sufficiently specify the basis for the proof of claim or provide sufficient supporting documentation therefor," or "improperly assert

3

administrative, secured, or priority status.

12. As set forth in the Mr. Benyamin's Declaration, the Debtors have reviewed the Claims and objected for the following reasons.

I. **The Debtors hav no liability with respect to those claims.**

II. **The Debtors owe less then the amounts set forth in the Claim.**

### Motion Practice

13. This Objection includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Objection. Accordingly, the Debtors submit that this Objection satisfies Rule 9013-1(a) of the Local Rules of Bankruptcy Procedure for the Southern District of New York.

### Reservation of Rights

14. This Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtor or any other party in interest to object to any of the No Liability Claims or Claims to be Adjusted on any grounds whatsoever and the Debtors expressly reserve all further substantive or procedural objections that may have.

### Separate Contested Matter

15. To the extent that a response is filed regarding any Disputed Claim and the

4

Debtors are unable to resolve any such response, each Disputed Claim, and the Objection as it pertains to such Disputed Claim, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Further, the Debtors request that any order entered by the Court regarding an objection asserted in this Objection be deemed a separate order with respect to each proof of claim.

### Notice

16. The Debtors have provided notice of this Objection to: (a) the Office of the United States Trustee for the Southern District of New York; (b) All creditors of the Debtor; (c) All persons having filed a notice of appearance; and (d) any other parties as specified in the Order Establishing Certain Notice (as defined in the Order Establishing Certain Notice, Case Management and Administrative Procedures. In light of the nature of the relief requested herein the Debtors respectfully submits that no further notice is necessary.

Wherefore, for the reasons stated above, the Debtors respectfully request that the Court enter an order: (a) disallowing and expunging the No Liability Claims and reducing the amounts identified on Schedule 1 to Exhibit A attached hereto.

Dated: New York, New York
May 1, 2018

_____
Randy M. Kornfeld, Esq.
Kornfeld & Associates, P.C.
240 Madison Avenue, 8th Flr.
New York, NY 10016

*Attorneys for the Debtors*