# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

In re:

DANIEL and LUCY BENYAMIN

                       Debtor(s).

Chapter 11 Bankruptcy

CASE NO. 17-12677 (MG)

JUDGE: MARTIN GLENN

**AFFIRMATION IN OPPOSITION TO DEBTORS' OBJECTION SEEKING AN ORDER REDUCING THE AMOUNT OF COMMON CHARGES AND OTHER FEES DUE TO THE RENAISSANCE EAST CONDOMINIUM**

**TO:   THE HONORABLE MARTIN GLENN,
       UNITED STATES BANKRUPTCY JUDGE:**

      The Board of Managers of Renaissance East Condominium, (hereinafter the "Condominium") by its attorneys, Lasser Law Group, PLLC, respectfully submits this opposition to the objection seeking an order reducing the amount of common charges and other fees due to the Condominium submitted by Daniel and Lucy Benyamin (hereinafter collectively the "Debtors").

      Gaetano L. Bizzoco, Esq., senior counsel with the Lasser Law Group, PLLC and an attorney at law duly admitted to practice before this court and the Courts of the State of New York, hereby affirms the following to be true under penalty of perjury:

## BACKGROUND

      1.    The Condominium is an unincorporated association organized under Article 9-B of the Real Property Law of the State of New York pursuant to a declaration of condominium dated December 19, 1986, and recorded on August 30, 1988 in the Office of the City Register of the City of New York, State of New York at Reel 1457, Page 1297 (hereinafter the

1

"Declaration").  See a true and accurate copy of the Declaration annexed hereto and incorporated herein as **Exhibit "A"**.

2.	At all times relevant hereto, the Condominium's board of managers (hereinafter the "Board") was and still is the duly elected governing body of the Condominium which manages the common elements and finances of the Condominium's building, located at 319 East 105th Street, New York, New York 10029 (hereinafter the "Building"), pursuant to the Condominium's Declaration and by-laws therein (hereinafter the "By-laws"), as well as applicable New York State laws.  See **Exhibit "A"**; See also a true and accurate copy of the By-Laws annexed hereto and incorporated herein as **Exhibit "B"**.

3.	Pursuant to the Condominium's Declaration and By-laws, the Condominium is authorized to assess and collect the common charges, retroactive common charges, assessments, late charges and other fees it deems proper to operate and maintain the Building (hereinafter collectively the "Common Charges") from the unit owners of the Condominium, plus interest thereon.  See Exhibit "A," Article V, "Operation of the Property", § 1, 4-8.

4.	At all times relevant hereto, the Debtors were and still are the record owners of the Unit 5E located at the Building (hereinafter the "Unit") by virtue of a deed dated December 15, 2003, and recorded on April 1, 2004, in the Office of the City Register, City and State of New York, in City Register File No. (CFRN) 2004000194753 (hereinafter the "Deed").  See a true and accurate copy of the Deed annexed hereto and incorporated herein as **Exhibit "C"**.

5.	On or about January 24, 2013, the Condominium commenced an action to recover the outstanding Common Charges in the Supreme Court of the State of New York, County of New York (hereinafter the "State Court"), bearing index number 150708/2013, by filing and serving the summons, complaint and notice of pendency (hereinafter the "State Court Action").

2

H:\slasser\Renaissance East Condo\Benyaminov (5E)\Bankruptcy\Opposition to Debtors Objection to Creditor's Claim\Affirmation in reply to debtors objection to claims 06.12.2018.docx

6. On or about February 25, 2013, the Debtors filed their answer with counterclaims in the State Court Action.

7. The Debtors' counterclaims sought to reduce the amount of outstanding Common Charges due to the Condominium alleging that the Debtors are entitled to a credit for funds received by the Condominium in connection with an insurance claim for the damages to the Unit.

8. On or about August 13, 2013, the Condominium's notice of lien dated June 1, 2013 was recorded with the Office of the City Register of the City of New York (hereinafter the "Lien"). A true and accurate copy of the Lien is annexed hereto and incorporated herein as **Exhibit "D"**.

9. On or about January 11, 2016, after discovery was completed, the Condominium filed a motion for summary judgment in the State Court Action seeking dismissal of Debtors' counterclaims.

10. On or about February 27, 2017, the State Court entered an order granting the Condominium's motion for summary judgment and dismissed the Debtors' counterclaims. A true and accurate copy of the State Court order dated February 27, 2017 is annexed hereto and incorporated herein as **EXHIBIT "E"**.

11. On or about May 23, 2017, the parties appeared in the State Court Action for a settlement conference. The State Court Action was adjourned to June 1, 2017 for the Debtors to consider the Condominium's settlement offer.

12. On or about June 1, 2017, the parties again appeared for a settlement conference in the State Court Action. The parties could not reach a settlement and the State Court scheduled the case for trial on October 4, 2017.

13. On or about September 25, 2017, and as trial neared, the Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code (hereinafter the "Petition") and pursuant thereto an automatic stay on the State Court Action was imposed.

14. Debtors continue in possession of the Unit as Debtors-in-Possession.

15. On or about April 25, 2018, the Condominium filed its Motion Seeking an Order Granting Relief From the Automatic Stay, Compelling Payment of Post-Petition Common Charges and Opportunity for Hearing (hereinafter the "Condominium's Motion") on the grounds that the Debtors have not paid post-petition Common Charges due to the Condominium in the amount of $13,494.01. A true and accurate copy of the Condominium's Motion for relief worksheet is annexed hereto and incorporated herein as **EXHIBIT "F"**.

16. The total outstanding Common Charges due to the Condominium is now over $200,000.00.

17. On or about May 1, 2018 the Debtors filed their Notice of Objection of Debtor to Certain Proofs of Claim (hereinafter the "Debtors' Objection") wherein the Debtors seek to reduce the amount due to the Condominium.

## LEGAL ARGUMENT

### I. PURSUANT TO FEDERAL BANKRUPTCY CODE § 502, THE CONDOMINIUM'S CLAIM CARRIES PRIMA FACIE VALIDITY AND THE DEBTORS HAVE OFFERED NO EVIDENCE TO OVERCOME THE CONDOMINUM'S PRIMA FACIE CLAIM

a. **The Condominium Properly Filed its Proof of Claim and Submitted Documents Sufficient to Support a Prima Facie Showing of its Claim.**

18. A "claim" is defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured . . . ." 11 U.S.C. § 101(5)(A).

4

19. Courts in this jurisdiction have made clear that a party can demonstrate a "right to payment" by showing that it holds the ability to seek the state law remedy of foreclosing on a property. *See In re Mims*, 438 B.R. 52, 55 (Bankr. S.D.N.Y. 2010) [citing *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991) (finding that a mortgage foreclosure was a "right to payment" against the debtor)]; see also *In re Escobar*, 457 B.R. 229, 239 (Bankr. S.D.N.Y. 2011).

20. In the instant case, the Condominium has a right to payment and to seek the state law remedy of foreclosing on a property.

21. Pursuant to the New York State Condominium Act the Condominium has a lien on each unit for the unpaid Common Charges thereof. *See N.Y. Real Prop. Law* § 339-z (McKinney).

22. In addition the Declaration and Bylaws authorize the Condominium to assess and collect Common Charges and levy late fees and any other additional fees and costs in connections with the collection of same.

23. On or about October 18, 2017, the Condominium filed its proof of claim along with the ledger of Common Charges due and a copy of the lien filed with the Office of the City Register of the City of New York (see copy of Lien annexed as **Exhibit "D"**). A true and accurate copy of the proof of claim is annexed hereto and incorporated herein as **EXHIBIT "G"**.

24. As such the Condominium has established a prima facie case for its claim for outstanding Common Charges.

   **b. The Debtors Offer No Evidence to Overcome the Condominium's Prima Facie Claim**

25. The objecting party must offer affirmative evidence to overcome the prima facie case and presumptive validity of properly filed proof of claim. *In re Michigan-Wisconsin*

*Transp. Co.*, 161 B.R. 628 (Bankr. W.D.Mich. 1993); *See also* 1 W. Norton, Bankruptcy Law and Practice § 28.05 (1981).

26. Once the debtor has provided such affirmative evidence, the burden of persuasion shifts to the creditor who "must thereafter establish that he is entitled to payment, notwithstanding objecting party's proof." *In re I.D. Craig Service Corp.*, 125 B.R. 453 (Bankr. W.D.Pa. 1991).

27. In the case *In re Guccione*, the debtor objected to the creditor's claim alleging that the creditor omitted certain interest. However, the court held the objection to be without merit as "the debtor presented no evidence supporting her objection that interest was not paid on the escrow account" and "the only evidence before the court indicates that interest was paid quarterly whenever there were funds on hand." *In re Guccione*, 41 B.R. 289, 295–96 (Bankr. S.D.N.Y. 1984).

28. Courts have even held that where a creditor failed to attached all of the documents supporting it claim, the lack of evidence was not a basis for disallowing the claim where the debtor failed to provide evidence or any statutory ground for disallowing the claim and only raised a formal objection on the grounds of lack of documentation. *In re Dove-Nation*, 318 B.R. 147 (8th Cir. BAP Ark. 2004).

29. The Debtors argument that the Condominium lacks evidence is without merit. The burden is on the Debtors to provide proof sufficient to overcome the Condominium's prima facie claim.

30. In the State Court Action, the Debtors similarly could not produce documentation to substantiate the Debtor's counterclaims that the outstanding Common Charges were to be

offset by monies owed to the Debtors. The Debtors also argued in that case that the Condominium did not have adequate proof.

31. Ultimately, the Condominium filed a motion for summary judgment in the State Court Action and the State Court dismissed the Debtors' counterclaims. *See* **EXHIBIT "E"**.

32. In the instant case, the Debtors have not provided any documentary evidence to support the Debtors' position that the Condominium's claim must be reduced. Again the Debtors attempt to argue that the Condominium's evidence is insufficient.

33. The Debtors' arguments are merely smoke and mirrors to obscure the facts and misdirect the Court.

34. The Debtors do not have any evidence to support their position that the claim must be reduced.

35. Therefore the Debtors' objection to the outstanding amount due to the Condominium must be dismissed in its entirety.

## II. THIS COURT SHOULD ALLOW THE STATE COURT TO ADJUDICATE THE AMOUNT OF OUTSTANDING COMMON CHARGES DUE TO THE CONDOMIUM AS THE STATE COURT ACTION HAS BEEN HEAVILY LITIGATED AND IS TRIAL READY

36. While the Debtors have filed an objection to the Condominium's claim, the facts and arguments in opposition to the Debtors objection go hand-in-hand with the Condominium's Motion to vacate the automatic stay imposed by The Bankruptcy Code.

37. To wit, while this Court is proficient at adjudicating claims filed in a bankruptcy proceeding, the pending State Court Action was commenced over two years prior to the instant case and is ready for trial. Allowing the State Court Action to continue would resolve the issue of the outstanding Common Charges owed, promote judicial efficiency and assist the Court in the resolution of the instant bankruptcy proceeding.

38. Generally, when seeking to vacate the automatic stay imposed by The Bankruptcy Code 11 U.S.C. § 362(a), an interested party must demonstrate either cause pursuant to the Bankruptcy Code 11 U.S.C. § 362(d)(1) or the debtor does not have equity in the property and such property is not necessary to an effective reorganization pursuant to The Bankruptcy Code 11 U.S.C. § 362(d)(2).

39. The Bankruptcy Code 11 U.S.C. § 362(d)(1) does not define "cause". However, the court in *In re Sonnax Indus., Inc.*, considered twelve factors to determine there is sufficient cause to lift the automatic bankruptcy stay and allow a state court action to proceed:

   i. whether relief would result in a partial or complete resolution of the issues;
   ii. the lack of any connection with or interference with the bankruptcy case;
   iii. whether the other proceeding involves the debtor as a fiduciary;
   iv. whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
   v. whether the debtor's insurer has assumed full responsibility for defending the action;
   vi. whether the action primarily involves third parties;
   vii. whether litigation in another forum would prejudice the interests of other creditors;
   viii. whether the judgment claim arising from the other action is subject to equitable subordination;
   ix. whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
   x. the interests of judicial economy and the expeditious and economical resolution of litigation;
   xi. whether the parties are ready for trial in the other proceeding; and
   xii. the impact of the stay on the parties and the balance of harms.

*In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1283 (2d Cir. 1990); *See also In re New York Med. Grp., P.C.*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001).

40. The court in *In re Bogdanovich* further held that "cause" is a flexible concept to be determined on a case-by-case basis. *In re Bogdanovich*, 292 F.3d 104, 110 (2d Cir. 2002) [citing *Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 143 (2d Cir. 1999)]. Therefore, the

H:\slasser\Renaissance East Condo\Benyaminov (5E)\Bankruptcy\Opposition to Debtors Objection to Creditor's Claim\Affirmation in reply to debtors objection to claims 06.12.2018.docx

twelve factors set forth in *In re Sonnax Indus., Inc.* are to be applied on a case-by-case basis and one need not satisfy all factors to show cause.

41. Here, lifting the automatic stay and allowing the State Court to adjudicate the issue of Common Charges owed by Debtors to the Movant is appropriate since seven of the twelve factors cited in *In re Sonnax* are applicable. *In re Mildred Del Grocery, Inc.,* Case No. 18-10077 (MG) (Bankr. Ct. SDNY 2018).

42. Adjudication of the State Court Action would assist in the resolution of the instant bankruptcy proceeding by allowing the State Court to make a final determination as to the amount of Common Charges owed by Debtors. *Id.*

43. Adjudication of the State Court Action would also resolve the preliminary bankruptcy issue of the Common Charges due. *Id.*

44. There would be no interference with the instant proceeding as the State Court would be determining the amount due to the Movant. *Id.*

45. The State Court Action does not involve the Debtors as fiduciaries. *Id.*

46. While the State Court may not be considered a specialized tribunal, it is adept at adjudicating breach of contract actions and the governing New York State Condominium Act. *In re Mildred Del Grocery, Inc.,* Case No. 18-10077 (MG).

47. Resolution of the State Court Action would not prejudice the interests of the other creditors as the State Court Action would determine the amount of Common Charges due but would not affect the other creditors' interest in the Unit. *Id.*

48. The interests of judicial economy and the expeditious and economical resolution of litigation weigh heavily in favor of adjudicating the Movant's case in the State Court because the State Court Action is nearly complete. *Id.*

H:\slasser\Renaissance East Condo\Benyaminov (5E)\Bankruptcy\Opposition to Debtors Objection to Creditor's Claim\Affirmation in reply to debtors objection to claims 06.12.2018.docx

49. In the State Court Action, all discovery and pre-trial motions have been completed, Debtors' counterclaims were dismissed, and the matter is ready for trial. *Id.*

50. The balance of harm weighs in favor of the Movant because if the stay is not lifted, the Movant may be forced to litigate their claims in two separate courts. *Id.*

51. It is thus without question that pursuant to The Bankruptcy Code 11 U.S.C. § 362(d)(1) there is cause sufficient for this Court to grant relief from the automatic stay and allow the State Court Action to proceed to trial. *Sonnax Indus., Inc.*, 907 F.2d at 1285; *See also In re Mildred Del Grocery, Inc.,* Case No. 18-10077 (MG) (where this Court lifted the automatic bankruptcy stay noting that factors 1, 2, 4, 6, 7, 10, 11, and 12 where satisfied, and particularly noting that factors 2, 4 and 10 tipped the scale in favor of allowing the state court action to proceed.)

52. Therefore the Debtors' Objection to the outstanding amount due to the Condominium must be denied in its entirety and this Court must allow the State Court Action to proceed in determining the outstanding Common Charges due.

### III. THE FACTS AND PRIOR PROCEEDINGS DEMONSTRATE THAT THIS COURT IS NOT THE PROPER FORUM TO ADJUDICATE THE CONDOMINIUM'S CLAIM FOR OUTSTANDING COMMON CHARGES THEREBY FURTHER SUPPORTING THE CONDOMINUM'S MOTION TO <u>VACATE THE AUTOMATIC STAY</u>

53. The Debtors Objection seeks to reduce the outstanding Common Charges due to the Condominium.

54. This very issue is at the root of the State Court Action between the Condominium and Debtors.

55. Additionally, the State Court Action has been heavily litigated for over two years and is ready for trial.

H:\slasser\Renaissance East Condo\Benyaminov (5E)\Bankruptcy\Opposition to Debtors Objection to Creditor's Claim\Affirmation in reply to debtors objection to claims 06.12.2018.docx

56. The State Court Action was scheduled for trial on October 4, 2017. However, the Debtors filed the instant bankruptcy proceeding on September 25, 2017, just before the trial date.

57. Considering the totality of the circumstances, this honorable Court is not the proper forum to adjudicate the Condominium's claim and must allow the State Court Action to proceed to trial.

58. The relevant factors to consider in determining the proper forum in the context of a pending motion to vacate the automatic stay imposed by The Bankruptcy Code are: (1) judicial economy; (2) trial readiness; (3) the resolution of preliminary bankruptcy issues; (4) the creditor's chance of success on the merits; and (5) the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors. *In re United Imports Inc.*, 203 B.R. 162, 167 (Bankr. D. Neb. 1996); *See also, Junk v. CitiMortgage, Inc. (In re Junk)*, 512 B.R. 584, 607 (Bankr. S.D. Ohio 2014).

59. In the case *In re United Imports* the court cited legislative intent in its analysis stating that "[i]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to ***leave parties to their chosen forum*** and to relieve the bankruptcy court from any duties that may handled elsewhere." *In re United Imports Inc.*, 203 B.R. at 167 *citing to* H.R. Rep. No. 595, 95th Cong., 1st Sess. 341 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 50 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5836, 6297 (*emphasis added*).

60. The Court must allow the State Court Action to continue as, not only are there grounds to vacate the automatic stay, but there is also a better forum to adjudicate the issue relating to the outstanding Common Charges.

H:\slasser\Renaissance East Condo\Benyaminov (5E)\Bankruptcy\Opposition to Debtors Objection to Creditor's Claim\Affirmation in reply to debtors objection to claims 06.12.2018.docx

61. The notions of judicial economy and expeditious adjudication would be served best in the State Court Action.

62. The State Court Action has been heavily litigated since January of 2013 and is trial ready.

63. In addition, the Common Charges arrears are governed by New York State Law, specifically, the New York State Condominium Act. The Condominium's lien for Common Charges is rooted in New York State statute and the Condominium's Declaration and By-Laws.

64. Allowing the State Court Action would result in the resolution of preliminary bankruptcy issues as the State Court would ultimately determine the amount of outstanding Common Charges and relieve this Court from making a determination on the same issue and facts.

65. Moreover, the Condominium stands to succeed on the merits. As noted above, the Debtors' counterclaims in the State Court Action were dismissed. As such, the only remaining issues to be determined at trial are the Debtors' liability and the amount owed to the Condominium. Unless the Debtors' produce evidence offsetting the entire amount owned, the Condominium will be awarded a portion, if not all, of the outstanding Common Charges.

66. Moreover, since the State Court Action has been heavily adjudicated and is ready for trial, it would be more cost effective to have the State Court Action proceed to trial and make a determination as to what is owed by the Debtors to the Condominium, rather than have this Court waste its resources on the same issue and facts.

## **CONCLUSION**

67. The Debtor's Objection brings to light two undeniable facts: (1) since there is a pending, trial ready, State Court Action dealing with the same facts and issues, the State Court is

12

H:\slasser\Renaissance East Condo\Benyaminov (5E)\Bankruptcy\Opposition to Debtors Objection to Creditor's Claim\Affirmation in reply to debtors objection to claims 06.12.2018.docx

the better forum to adjudicate the issues to resolution; and (2) the Condominium's Motion to vacate the automatic stay must therefore be granted to allow the State Court Proceedings.

68. Should this Court consider the Debtors' Objection, it must be denied because pursuant to The Bankruptcy Code § 502, the Condominium's claim carries prima facie validity and the debtors have offered no evidence to overcome the Condominium's prima facie claim.

**WHEREFORE,** The Renaissance East Condominium respectfully requests that an Order be entered denying the Debtors' objection seeking an order reducing the amount of common charges and other fees due to The Renaissance East Condominium and granting The Renaissance East Condominium motion to vacate the automatic stay as to it, its successors and/or assigns, compelling payment of post-petition Common Charges, compelling the payment of administrative expenses, and permitting the continuance of a breach of contract action; and for such other and further relief as this Court may deem just and proper.

Dated: June 12, 2018
      New York, New York

Respectfully submitted,

_____
LASSER LAW GROUP, PLLC
By: Gaetano L. Bizzoco, Esq.
Attorneys for Movant
10 East 39th Street, 12th Floor
New York, New York 10016
(212) 376-9312
gbizzoco@lasserlg.com

13

H:\slasser\Renaissance East Condo\Benyaminov (5E)\Bankruptcy\Opposition to Debtors Objection to Creditor's Claim\Affirmation in reply to debtors objection to claims 06.12.2018.docx

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

Chapter 11 Bankruptcy

CASE NO. 17-12677 (MG)

JUDGE: MARTIN GLENN

_____

In re:

DANIEL and LUCY BENYAMIN

               Debtor(s).

_____

**AFFIRMATION IN OPPOSITION TO DEBTORS' OBJECTION SEEKING AN ORDER REDUCING THE AMOUNT OF COMMON CHARGES AND OTHER FEES DUE TO THE RENAISSANCE EAST CONDOMINIUM**

_____

LASSER LAW GROUP, PLLC

*Attorneys for Plaintiff*

10 East 39th Street, 12th Floor

New York, New York 10016

Phone: (212) 376-9312

14

H:\slasser\Renaissance East Condo\Benyaminov (5E)\Bankruptcy\Opposition to Debtors Objection to Creditor's Claim\Affirmation in reply to debtors objection to claims 06.12.2018.docx