**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X

| | |
|---|---|
| IN RE: | CASE NO.: 17-12677 (MG) |
| **DANIEL BENYAMIN** *aka* **DANIEL BENYAMINOV** *dba* **BENYAMIN CONSTRUCTION & REMODELING, LLC** | CHAPTER 11 |
| and | |
| **LUCY BENYAMIN** *dba* **BENYAMIN CONSTRUCTION & REMODELING, LLC** , | |

---------------------------------------------------X

**DITECH FINANCIAL LLC'S MOTION FOR RECONSIDERATION
OF THE MEMORANDUM OPINION AND ORDER
<u>SUSTAINING DEBTORS' OBJECTION TO PROOF OF CLAIM #5-1</u>**

Ditech Financial LLC ("Ditech"), by and through its undersigned counsel, moves the court pursuant to Rule 3008 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C § 502(j) for reconsideration of the Memorandum Opinion and Order Sustaining Debtors' Objection to Proof of Claim #5-1 filed by Ditech, dated July 2, 2016, (the "Order"). A reconsidered claim may be allowed according to the equities of the case. Motions for reconsideration are reviewed under Federal Rule of Civil Procedure 60(b), which is made applicable to bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 9024.

BACKGROUND FACTS

1) Debtors, Daniel and Lucy Benyamin ("Debtors") filed their voluntary petition pursuant to Chapter 11 of the Bankruptcy Code on September 25, 2017 (the "Petition Date").

2) The Debtors' Schedule A lists the value of the condominium located at 319 East 105 Street, Unite #5E, New York, New York (the "Property") as ranging from $700,000 to $750,000. (ECF Doc. # 12-1 at 3.) According to the Debtors' Schedule D, the Property is subject to a lien held by IndyMac for a disputed claim in the amount of $400,000. (ECF Doc. # 12-3 at 1.) Schedule D lists IndyMac's claim as a contractual claim incurred in 2003. (*Id.*) Schedule E/F lists "Indymac Federal Bank" as having a $410,000 disputed claim. (ECF Doc. # at 2.) Ditech is listed on the creditors' list for "notice purposes only." (*Id.*)

3) On December 26, 2017, Ditech filed a proof of claim in the amount of $455,424.72 including interest and prepetition arrears, secured by the Property. (*See* Claim at 1-2.) Ditech's Claim includes (i) the Debtors' loan payment history from June 2008 to November 2017 (*id.* at 4-15), (ii) a copy of the note, dated December 15, 2003, whereby Daniel Benyamin promised to pay the principal amount of $247,500.00 (the "Note," Claim Part 2 at 1-3), (iii) the recordation of lien on the Property (*Id.* at 4), (iv) the mortgage (the "Mortgage," *id.* at 5-23), and an affidavit (*Id*. at 25) and a certificate of merger (*Id*. at 26) stating that Green Tree was merged into DT Holdings LLC and Ditech Mortgage Company and that such merger resulted in the entity Ditech as of August 31, 2015.

4) On May 3, 2018, the Debtors objected to Ditech's Claim (the "Claim Objection"), arguing that Ditech had "produced no documentation, be it the original note and mortgage or an assignment of same permitting them to have standing to assert its claim." (Decl. at 1.)

5) Ditech filed a late Opposition to the Debtors' Claim Objection (a) by providing copies of the assignments of mortgage[1] beginning with OneWest Bank and ending with Ditech, and (b) explaining that a request for the original note was made to Ditech and once the original Note is received by Ditech's counsel, it would be made available for the Debtors' review (ECF Docket No. 51). Ditech's Opposition also provided a copy of a Possession Statement of Ditech, dated September 26, 2017, indicating that Ditech's custodian had possession of the original Note.

6) The Order expunged Ditech's claim on the basis that Ditech failed to establish standing by demonstrating that it is the holder of the Note. (ECF Docket No. 53, at pages 2,3,14,15)

7) The Order, however, acknowledged, at pages 17-18, that a lien exists on the Property. The Order held, *inter alia*, that:

> "Although Ditech does not demonstrate that it holds the Note, the original Mortgage was recorded against the Property. The Debtors' schedules list the Property as being subject to a lien held by IndyMac for a disputed claim of $400,000 (ECF Doc. # 12-3 at 1); and IndyMac is listed as having a disputed contractual claim incurred in 2003. (*Id*.) The Debtors signed the Note to IndyMac in 2003. Ditech asserts the Claim for approximately the same amount as IndyMac's disputed claim listed by the Debtors. *See Parrish*, 326 B.R. at 718-19 (holding that even where a creditor fails to attach sufficient documentation to its proof of claim, where the debtor schedules a claim that is substantially similar to the claim at issue by the purported assignee, but to the benefit of a different creditor, the debtor's acknowledgment in schedules that a lien exists against the property enable the court to sustain the objection **but permit the filing of new proofs of claim**).[emphasis added] While the Objection is sustained and the Claim is expunged, Ditech may seek relief under 11 U.S.C. § 502(j) if it acts promptly. See *Minbatiwalla*, 424 B.R. at 119, 20."

---

[1]Assignment of Mortgage from OneWest Bank, FSB to Ocwen Loan Servicing, LLC, dated March 2, 2017. Assignment of Mortgage from Ocwen Loan Servicing, LLC to Residential Credit Solutions, Inc., dated March 2, 2017. Assignment of Mortgage from Residential Credit Solutions, Inc. to Ditech Financial LLC, dated April 3, 2017.

DISCUSSION

8) Ditech has standing to file a proof of claim in this proceeding because it has possession of the original Note.

9) Courts require an affidavit from someone with personal knowledge establishing facts supporting standing, or possession of the original note and mortgage to establish standing in a state court foreclosure action and in a motion to lift the automatic stay in bankruptcy court under 11 U.S.C. § 362(d). *In re Minbatiwalla*, 424 B.R. 104, 109 (Bankr. S.D.N.Y. 2010); *see also Green Tree Servicing LLC v. Christodoulakis*, 136 F. Supp. 3d 415, 428-29 (E.D.N.Y. 2015) ("[P]laintiff's physical possession of the Note, containing an indorsement 'in blank,' at the time the action was commenced . . . was sufficient to confer standing upon it to commence this action seeking to enforce payment of the Note.") (omitting citation)

10) Attached hereto as **Exhibit A**, is an affidavit of Ditech setting forth that it was in possession of the original Note as of the Petition Date.

11) Attached hereto as **Exhibit B**, is an Affirmation from the undersigned counsel that it is currently in possession of the original Note and has invited Debtor's counsel to inspect the original Note.

12) Bankruptcy courts have authority to reconsider the allowance or disallowance of claims for cause pursuant to section 502(j) of the Bankruptcy Code. 11 U.S.C. § 502(j) ("A claim that has been allowed or disallowed may be reconsidered for cause."). Reconsideration of the allowance or disallowance of a claim under this section is a two-step process. *Municipality of Carolina v. Gonzalez (In re Gonzalez)*, 490 B.R. 642, 651 (B.A.P. 1st Cir. 2013). First, the court must determine whether "cause" has been shown. *Id.* Second, the court must determine whether the "equities of the case" dictate allowance or disallowance. *Id.*

4

13) The Bankruptcy Code does not define "cause," but when deciding a motion under section 502(j), the court should:

> [a]pply the same analysis that it would to a motion under Fed. R. Bankr. P. 9023 (incorporating Fed.R.Civ.P. 59) or Fed. R. Bankr. P. 9024 (incorporating Fed.R.Civ.P. 60), depending on whether the *573 movant ... sought reconsideration within [fourteen] days after the entry of the order disallowing the claim, or did so only later.

*In re Residential Capital, LLC*, 528 B.R. 570, 572–73 (Bankr. S.D.N.Y. 2014), *citing In re Terrestar Networks, Inc.,* No. 10–15446 (SHL), 2013 WL 781613, at *2 (Feb. 28, 2013)

14) Rule 60 permits a court to grant relief from a final judgment or order for the following reasons: (1) "mistake, inadvertence, surprise, excusable neglect"; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, discharged, or it is "no longer equitable"; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). *In re Residential Capital,* LLC, 528 B.R. 570, 572–73 (Bankr. S.D.N.Y. 2014).

15) In determining whether reconsideration is appropriate under Rule 60(b) for "excusable neglect," courts within the Second Circuit examine the following factors: (i) "whether the failure to respond was willful," (ii) "whether the movant had a legally supportable defense," and (iii) "the amount of prejudice that the non-movant would incur if the court granted the motion." *See, e.g.*, *In re Enron, Inc.*, 326 B.R. 46, 50 (Bankr. S.D.N.Y. 2005) (quoting *Am. Alliance Ins., Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d. Cir. 1996)).

16) *First*, Ditech's failure to provide the original Note or an affidavit of possession prior to the deadline to respond to the Claim Objection was not "willful." Willful conduct requires "something more than just negligence or carelessness on the part of the movant." *In re Enron*, 326 B.R. at 51 (citing *Am. Alliance Ins.*, 92 F.3d at 59. "Defaults that are caused by negligence may be excusable . . . ." *Id.* Due to a miscommunication between counsel and Ditech, the original Note was not delivered

5

to counsel on a timely basis. Once the miscommunication was discovered, Ditech immediately submitted a request for delivery of the original Note on an expedited basis and caused the document custodian to send the original Note to the undersigned counsel for inspection by the Debtors. Ditech was not intentionally withholding the original Note from the Debtors' review. At this time, Ditech has forwarded the original Note to its counsel in order for Debtors to review same. See Exhibit A. Ditech's counsel has also invited Debtors' counsel to review the original Note. See Exhibit B. Ditech's actions have been in good faith. Any doubts should be resolved in favor of Ditech "to increase the likelihood that [the] dispute[] will be resolved in [the] merits. *In re Enron*, 326 B.R. at 51 (citing *Pecarsky v. Galaxiworld.com Ltd.,* 249 F.3d 167, 172 (2d Cir. 2001)).

17) *Second*, Ditech has a legally supportable defense to the Debtor's Claim Objection. New York law requires possession of the original note for a claimant to assert standing to file a proof of claim in the bankruptcy court or to foreclose on a mortgage in the state court. *See Aurora Loan Services, LLC v Taylor*, 25 NY3d 355, 361–62 (2nd Cir. 2015) (holding that "[A]ny disparity between the holder of the note and the mortgagee of record does not stand as a bar to *362 a foreclosure action because the mortgage is not the dispositive document of title as to the mortgage loan; the holder of the note is deemed the owner of the underlying mortgage loan with standing to foreclose). Here, Ditech was in constructive possession of the original Note at the time it filed its proof of claim and thus has standing.

18) *Third*, the amount of prejudice that the non-movant would suffer if the Court granted the motion for reconsideration is *de minimus*. Generally, mere delay is not sufficient to demonstrate a sufficient level of prejudice. *In re Enron*, 326 B.R. at 53 (citing *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir.1983)). Rather, to demonstrate a sufficient level of prejudice to defeat a motion for reconsideration, "it must be shown that delay will result in the loss of evidence, create increased

difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id.* In addition, "claimants have the right to have their claims determined with finality." *In re JWP Information Services, Inc.*, 231 B.R. 209, 213 (Bankr.S.D.N.Y.1999).

19) In the instant case, the Debtors have acknowledged that there is a lien on the Property and that they owe money based on the underlying loan. The only remaining issue is the identity of the holder of the Note. Ditech has come forward with evidence to prove its standing to enforce the Note. Although Ditech acknowledges a brief delay caused by its excusable neglect, the Debtors cannot show that such delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion. Accordingly, any prejudice caused by the delay is not sufficient to defeat reconsideration.

20) Ditech has filed its motion for reconsideration in a timely manner.

21) Because "cause" exists to reconsider Ditech's claim, the Court also should consider whether the "equities of the case" favor allowance or disallowance. *See* 11 U.S.C. § 502(j) ("A reconsidered claim may be allowed or disallowed according to the equities of the case."). The equities of this case favor allowance. As discussed above, there is no dispute that a claim exists and that the claim is secured. The only dispute is the identity of the entity with standing to assert the secured claim. Ditech timely filed a proof of claim with copies of the Note endorsed in blank and the assignments of the Mortgage. Ditech also submitted a signed statement of possession of the original Note with its opposition to the Claim Objection. Upon learning of a miscommunication between counsel and Ditech that led to the original Note not being ordered for delivery on a timely basis, Ditech caused the original Note to be sent to its counsel on an expedited basis for inspection by the Debtors. This has resulted in a brief delay, but no other prejudice to the Debtors or their estate. On the other hand, continued

disallowance of Ditech's claim would result in a windfall for the Debtors and a significant loss to Ditech in the amount of $455,424.72.

22) Based upon the entire record, Ditech asserts that reconsideration is appropriate because of the facts unavailable to counsel at the time of the Claim Objection and the manifest injustice to Ditech if Ditech's claim remains expunged.

**WHEREFORE,** Ditech respectfully requests that this Court grant Ditech's motion for reconsideration, allow Ditech's proof of claim, deny Debtor's Objection to Claim, and for such other and further relief as the Court deems just and proper.

Dated: July 16, 2018
      Westbury, New York

                              RAS BORISKIN, LLC
                              Attorney for Secured Creditor
                              900 Merchant Concourse, Suite 106
                              Westbury, NY 11590
                              Phone: (516) 280-7675

                              By: /s/ Cleo Sharaf-Green
                              Cleo Sharaf-Green, Esq.